UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SHERYL WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 23-CV-2216 |
| ) | |
| MATTOON TOWERS APARTMENTS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On October 2, 2023, Plaintiff, Sheryl Wilson, filed a pro se Complaint (#1) against Defendants Mattoon Towers Apartments, Mattoon Police Department, Mel Rockett, and Promex Midwest Corporation. Plaintiff alleged therein that Defendant Mattoon Towers Apartments made a settlement offer to her because she had been subjected to racial housing discrimination and had filed a complaint about it. The Complaint further alleged that Plaintiff declined the settlement offer and had consequently been subjected to "retaliatory acts and harassment," including an "illegal eviction notice" from Defendant Mel Rockett, the property manager.

Defendants Mattoon Towers Apartments and Promex Midwest Corporation were served on November 6, 2023, but have failed to file an answer or otherwise appear. On January 10, 2023, Magistrate Judge Eric I. Long entered an Order (#11) in which it was observed that Plaintiff, despite those Defendants' failure to appear, had

"taken no steps to pursue this litigation." Accordingly, Judge Long directed Plaintiff to show cause within 14 days why Defendants Mattoon Towers Apartments and Promex Midwest Corporation should not be dismissed from the case for want of prosecution.

When Plaintiff filed nothing in response, Judge Long entered a Report and Recommendation (#14) on February 9, 2024, recommending that Defendants Mattoon Towers Apartments and Promex Midwest Corporation be dismissed from this matter for want of prosecution. See Fed. R. Civ. P. 41(b) (allowing for involuntary dismissal "[i]f the plaintiff fails to prosecute"); see also *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31, (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

The parties were instructed to file any objections to the Report and Recommendation within 14 days after being served with a copy of the report. They were also informed that a failure to object would constitute a waiver of objections on appeal. See *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

The time to object to Judge Long's Report and Recommendation has passed, and neither party filed an objection with this court. Therefore, following this court's de novo review of the Report and Recommendation and the reasons for it, this court agrees with and accepts Judge Long's Report and Recommendation (#14). This court agrees that Plaintiff's claims against Defendants Mattoon Towers Apartments and Promex Midwest Corporation should be dismissed for Plaintiff's failure to prosecute the matter.

2

IT IS THEREFORE ORDERED THAT:

(1) The Report and Recommendation (#14) is accepted by this court.

(2) Plaintiff's claims against Defendant Mattoon Towers Apartments and Defendant Promex Midwest Corporation are DISMISSED.

(3) Defendant Mattoon Towers Apartments and Defendant Promex Midwest Corporation are hereby terminated from this case.

ENTERED this 27th day of February , 2024.

s/Colin Stirling Bruce
COLIN S. BRUCE
U.S. DISTRICT JUDGE